COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                  SUPREME JUDICIAL COURT
                                              FOR SUFFOLK COUNTY
                                              NO: BD-2021-055

IN RE: Daniel M. Kelly

ORDER OF DISABILITY INACTIVE STATUS

This matter came before the Court, Cypher, J., on the lawyer's Petition for Transfer to Disability Inactive Status pursuant to S.J.C 4:01, §13 (3), and for a Stay of Disciplinary Proceedings, along with a motion to impound the petition with attached exhibits filed by counsel for the lawyer on September 27, 2021.  On September 28, 2021, assistant bar counsel filed her assent to the petition and motion to impound. Counsel for the lawyer having filed a waiver of hearing on September 29, 2021;

It is Ordered that the motion to impound and the petition be, and hereby are allowed, and

1. (a) Daniel M. Kelly shall be placed on disability inactive status from the practice of law in the Commonwealth until further order of this Court pursuant to S.J.C 4:01, § 13(3) effective immediately upon the entry of this Order, and

    (b) Pursuant to S.J.C. Rule 4:01, § 13(4)(f) the disciplinary proceedings before the Board of Bar Overseers be, and hereby are, stayed.

It is FURTHER ORDERED that:

2. Within fourteen (14) days of the date of entry of this Order, the lawyer shall:

    a) file a notice of withdrawal as of the effective date of the disability inactive status with every court, agency, or tribunal before which a matter is pending, together with a copy of the notices sent pursuant to paragraphs 2(c) and 2(d) of this Order, the client's or clients' place of residence, and the case caption and docket number of the client's or clients' proceedings;

    b) resign as of the effective date of the disability inactive status all appointments as guardian, executor, administrator, trustee, attorney-in-fact, or other fiduciary, attaching to the resignation a copy of the notices sent to the wards, heirs, or beneficiaries pursuant to paragraphs 2(c) and 2(d) of this Order, the place of residence of the wards, heirs, or beneficiaries, and the case caption and docket number of the proceedings, if any;

    c) provide notice to all clients and to all wards, heirs, and beneficiaries that the lawyer has been placed on disability inactive status; that he is disqualified from acting as a lawyer after the effective date of the disability inactive status; and that, if not represented by co-counsel, the client, ward, heir,

or beneficiary should act promptly to substitute another lawyer or fiduciary or to seek legal advice elsewhere, calling attention to any urgency arising from the circumstances of the case;

    d)  provide notice to counsel for all parties (or, in the absence of counsel, the parties) in pending matters that the lawyer has been placed on disability inactive status and, therefore, is disqualified from acting as a lawyer after the effective date of the disability inactive status;

    e)  make available to all clients being represented in pending matters any papers or other property to which they are entitled, calling attention to any urgency for obtaining the papers or other property;

    f)  refund any part of any fees paid in advance that have not been earned; and

    g)  close every IOLTA, client, trust or other fiduciary account and properly disburse or otherwise transfer all client and fiduciary funds in his possession, custody, or control.

All notices required by this paragraph shall be served by certified mail, return receipt requested, in a form approved by the Board.

    3.  Within twenty-one (21) days after the date of entry of this Order, the lawyer shall file with the Office of the Bar Counsel an affidavit certifying that the lawyer has fully complied with the provisions of this Order and with bar disciplinary rules. Appended

to the affidavit of compliance shall be:

    a) a copy of each form of notice, the names and addresses of the clients, wards, heirs, beneficiaries, attorneys, courts, and agencies to which notices were sent, and all return receipts or returned mail received up to the date of the affidavit. Supplemental affidavits shall be filed covering subsequent return receipts and returned mail. Such names and addresses of clients shall remain confidential unless otherwise requested in writing by the lawyer or ordered by the court;

    b) a schedule showing the location, title and account number of every bank account designated as an IOLTA, client, trust, or other fiduciary account and of every account in which the lawyer holds or held as of the entry date of this Order any client, trust, or fiduciary funds;

    c) a schedule describing the lawyer's disposition of all client and fiduciary funds in the lawyer's possession, custody, or control as of the entry date of this Order or thereafter;

    d) such proof of the proper distribution of such funds and the closing of such accounts as has been requested by the bar counsel, including copies of checks and other instruments;

    e) a list of all other state, federal and administrative jurisdictions to which the lawyer is admitted to practice;

    f) the residence or other street address where communications to the lawyer may thereafter be directed; and

g) all bar registration cards issued to the lawyer by the Board of Bar Overseers.

The lawyer shall retain copies of all notices sent and shall maintain complete records of the steps taken to comply with the notice requirements of Supreme Judicial Court Rule 4:01, §17.

4. Within twenty-one (21) days after the entry date of this Order, the lawyer shall file with the Clerk of the Supreme Judicial Court for Suffolk County:

a) a copy of the affidavit of compliance required by paragraph 3 of this Order;

b) a list of all other state, federal and administrative jurisdictions to which the lawyer is admitted to practice; and

c) the residence or other street address where communications to the lawyer may thereafter be directed.

By the Court, (Cypher, J.)

/s/ Maura S. Doyle

Maura S. Doyle, Clerk

Entered: September 30, 2021

A True Copy
Attest
9/30/2021
Date
/s/ Stephen Cronin
Assistant Clerk